**Order**

**Green v. United States, 3:15-CV-1567(RNC)**

**Re: Motion for Leave to Proceed in Forma Pauperis (ECF No. 12), Motion to Obtain Plea/Sentencing Hearing Transcripts (ECF No. 7), and Motion to Obtain Plea/Sentencing Hearing Transcripts (ECF No. 9)**

Frank Green, Sr., proceeding pro se, brings this action under 28 U.S.C. § 2255 challenging his conviction and sentence for unlawful possession of a firearm by a convicted felon. Mr. Green's possession of the firearm also constituted a violation of a condition of supervised release imposed as part of a sentence he received for a previous felony conviction. Mr. Green pleaded guilty and was sentenced to 37 months' imprisonment for unlawful possession of the firearm (a sentence at the low end of the applicable guideline range), followed by 11 months' imprisonment for the violation of supervised release (a sentence below the range suggested by the guidelines revocation table).

The petition alleges that Mr. Green withdrew a motion to suppress and pleaded guilty based on a promise that certain items of personal property seized by state officials would be returned to him, that the property has not been returned, that he has instructed his appointed counsel to file an appeal seeking return of the property, and that no appeal has been filed. The petition contains a claim for ineffective assistance of counsel, which can be liberally construed as challenging counsel's advice that petitioner plead guilty without ensuring that the property would be returned (ground one); a claim based on counsel's failure to file an appeal seeking return of the property (ground two); and an assertion that because the sentence was imposed in violation of the Constitution, the case can be reopened and Mr. Green's arguments concerning his property can be reviewed on the merits (ground three). In addition, Mr. Green states in his motion for free plea and sentencing hearing transcripts that he was misadvised "regarding the plea offer of an aggregate 36 month term of supervised release" and "the strengths and weakness [sic] of his case." (ECF No. 9) at 2.

In response to an order to show cause, the government has submitted a memorandum stating that it has no items of property belonging to Mr. Green. Records submitted as exhibits to the memorandum substantiate the government's position. In light of those records, it appears that the items of property petitioner has in mind have been forfeited by the state (cash) or destroyed

by the state (cell phone) or were never seized by the state (photos).  The records also show that the only items of Mr. Green's property ever possessed by the government in connection with this case were contraband (a gun and cocaine).  Mr. Green has not responded to the government's memorandum.

**Mr. Green's motion to proceed in forma pauperis (ECF No. 12) is hereby granted.  However, for reasons discussed below, his motions for free transcripts (ECF Nos. 7 and 9) are denied without prejudice.**

Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is *not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal*."  Id. (emphasis added).  The Court cannot certify that Mr. Green has a non-frivolous claim justifying his request for free transcripts.

Section 2255 provides a court with authority to correct errors that result in a miscarriage of justice.  See Davis v. United States, 417 U.S. 333, 346 (1974).  No such error is alleged here.  With regard to ground one of the petition, to demonstrate that his guilty plea was invalid due to ineffective assistance of counsel, Mr. Green must show that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Mr. Green's allegations concerning the government's unfulfilled promise to return his property do not support a claim that his counsel's performance was constitutionally deficient or that the deficiency resulted in prejudice to the defense.  With regard to ground two, Mr. Green cannot show that his counsel's failure to file an appeal seeking return of the property was either deficient or prejudicial.  As part of the plea agreement, Mr. Green waived his right to appeal or collaterally attack his conviction or sentence if the sentence did not exceed 48 months' imprisonment.  The waiver applies because Mr. Green received a total sentence of 48 months' imprisonment, and his allegations concerning his property do not undercut the validity of the waiver.  Wholly apart from the waiver, Mr. Green had no right to file an appeal in his criminal case seeking return of the property and it is apparent that his counsel's failure to file such an appeal did not prejudice his defense.  With regard to

ground three, Mr. Green offers no allegations supporting his assertion that his sentence was imposed in violation of the Constitution.  Finally, his statement in his motion for free transcripts that he was "misadvised" regarding the plea offer and the strengths and weaknesses of his case bears no relation to any of the grounds in the petition.  Assuming the statement can nonetheless be considered in determining whether Mr. Green has a non-frivolous claim under § 2255, the statement falls well short of showing that he has a valid claim under <u>Strickland</u>.

     Mr. Green may submit a renewed motion for free transcripts.  The motion must allege facts showing that he has a non-frivolous claim and explain why transcripts are necessary to resolve the claim.  Unless he makes this showing, the motion will be denied and the petition will be dismissed.

     To be timely, the renewed motion for free transcripts must be filed and served on or before June 6, 2016.

     So ordered this 11th day of May 2016.

                                           /s/ RNC
                            Robert N. Chatigny, U.S.D.J.