UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK GREEN, SR., :
 :
    Petitioner, :
 : PRISONER
v. : Case No. 3:15-cv-1567(RNC)
 :
UNITED STATES OF AMERICA, :
 :
    Respondent. :

RULING AND ORDER

Frank Green, Sr., proceeding pro se, brings this action under 28 U.S.C. § 2255. In essence, the petition seeks to reopen the underlying criminal case, United States v. Green, Case No. 3:14-cr-111(RNC), to enable Mr. Green to seek to recover items of personal property that were seized incident to his arrest. A related civil action brought by Mr. Green seeking return of the same property has been dismissed based on the Government's showing that it never possessed the property in question. The dismissal of that action bars Mr. Green from pursuing this action insofar as it seeks return of the same property. Because it does not appear that Mr. Green is seeking any other relief, this action is dismissed.

I. Background

In October 2013, Stamford police officers executed a search warrant at Mr. Green's residence, where they seized an eyeglasses case containing eyeglasses and three knotted baggies of cocaine; a hand-rolled marijuana cigarette; other drug paraphernalia; a revolver; $121 in cash; mail; and a cell phone. Mr. Green was

arrested and charged with state firearm and drug offenses.  At
the time of the arrest, Mr. Green was serving a three-year term
of federal supervised release as a result of his conviction for
conspiracy to distribute cocaine.  See United States v. Green,
Case No. 3:10-CR-128, Judgment, ECF No. 648 (D. Conn. June 7,
2011).

In May 2014, the state charges were nolled following the
return of a federal indictment charging Mr. Green with unlawful
possession of the firearm and cocaine.  The Stamford Police
Department transferred the firearm and cocaine to the Bureau of
Alcohol, Tobacco, Firearms and Explosives ("ATF").  In June 2014,
the Connecticut Superior Court ordered the destruction of the
remaining items except the $121 in cash, which was ordered
forfeited.

Mr. Green pleaded guilty to unlawfully possessing the
firearm and violating the conditions of his supervised release
prohibiting him from engaging in new criminal conduct.  Mr.
Green's plea agreement included a waiver of his right to appeal
or collaterally attack his conviction or sentence if the total
sentence did not exceed 48 months' imprisonment.  United States
v. Green, 3:14-cr-111(RNC), Plea Agreement, ECF No. 50 at 6.

In June 2015, Mr. Green was given consecutive sentences of
37 months' imprisonment for the firearm, which was below the
guideline range of 57 to 71 months, and 11 months' imprisonment

for the supervised release violations, which was below the guideline range of 18 to 24 months.  Mr. Green was notified that although he had waived his right to appeal, he could still appeal if he thought his guilty plea and waiver were invalid due to a violation of his constitutional rights.  No appeal was filed.

In October 2015, Mr. Green brought this action.  The petition alleged that Mr. Green's attorney and the federal prosecutor had promised that the property seized by the Stamford police would be returned to him, but the property had not been returned.  The petition alleged that Mr. Green's counsel had violated the Sixth Amendment by advising him to plead guilty without ensuring the property would be returned and by failing to file a requested "appeal" seeking return of the property.

In its response to the petition, the Government argued that the action was procedurally barred by Mr. Green's failure to file a motion for return of the property pursuant to Fed. R. Crim. P. 41(g).  Mr. Green then simultaneously filed a Rule 41(g) motion in the criminal case seeking return of the property, see United States v. Green, 3:14-cr-111(RNC), Def.'s Mot. To Return Property, ECF No. 75 (Jan. 19, 2016), along with a civil rights complaint seeking return of the property, see Green v. Stamford, 3:16-cv-79(RNC).  The Rule 41(g) motion was treated as the initial pleading in a civil action against the Government and became part of the civil rights case.  The Government moved to

dismiss the action pointing out that the only seized items received by ATF were the firearm and narcotics.  The Government's submission was supported by records of the Connecticut Superior Court, Stamford Police Department and ATF.  Mr. Green offered no evidence suggesting that any other items were transferred to ATF.  Accordingly, the action was dismissed.  See Green v. United States, No. 3:16-CV-79(RNC), 2017 WL 374460 (D. Conn. Jan. 25, 2017).  Mr. Green did not appeal.

II. Discussion

Section 2255(a) provides a remedy for a federal prisoner whose sentence was imposed in violation of the Constitution.  Mr. Green does not challenge his conviction or his sentence, which was well below the bottom of the total sentence suggested by the applicable guidelines.  Instead, he complains that his defense counsel failed to ensure his property would be returned and failed to comply with his request that an appeal be filed seeking return of the property.

Assuming Mr. Green's allegations can be considered by the Court, notwithstanding the collateral attack waiver in the plea agreement, the action must be dismissed.  To bring an ineffective assistance of counsel claim, Mr. Green must show that (1) his counsel's performance was objectively deficient, and (2) the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Mr. Green contends that he

4

repeatedly asked his attorney "to file an appeal on my behalf, specifically, under Fed. R. Crim. P. 41(g) for the return of my property," and his attorney failed to do so. Pet. (ECF No. 1), at 5. This constituted deficient performance, he contends, because "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). It is true that defense counsel must file a notice of appeal when requested by the defendant, even when there appears to be no non-frivolous issue for appeal, and even when the defendant has waived his right to appeal. See Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006). But that obligation is premised on preserving the defendant's right to file a direct appeal challenging his conviction or sentence. In such a case, the remedy for counsel's failure to file the notice of appeal is providing the defendant with a direct appeal. Id. at 776-77. Here, Mr. Green did not ask his counsel to appeal either his conviction or his sentence. Rather, he asked his counsel to file an appeal for the sole purpose of obtaining return of his property. I do not read Campusano to require defense counsel to file a notice of appeal when all the defendant seeks is return of property and no Rule 41(g) motion has been filed in district court. Even if Mr. Green's counsel had an obligation to file a requested appeal seeking return of the

5

property, which I do not think they did, the property in question was never transferred to ATF and, as a result, their failure to file the requested appeal caused no prejudice.

III. Conclusion

Accordingly, the petition is hereby dismissed. Reasonable jurists would not find it debatable that the action should be dismissed so a certificate of appealability will not issue. The Clerk may enter judgment and close the case.

So ordered this 23rd day of January 2018.

/s/

Robert N. Chatigny
United States District Judge